# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DAMEON SPENCER,**                                                      **PLAINTIFF**
**On Behalf of Himself and All Others**
**Similarly Situated**

**v.**                          **CASE NO. 5:08cv00235 BSM**

**FLOYD WHITE, Individually and in His**                       **DEFENDANTS**
**Official Capacity as Sheriff of Chicot County,**
**Arkansas; RON NICHOLS, Individually and in**
**His Official Capacity as Sheriff of Chicot County;**
**and MARK CASHION, Individually and in His**
**Capacity as Keeper of the Jail for the Arkansas**
**Department of Corrections**

## ORDER

Dameon Spencer's motion to certify class and supplemental motion to compel [Doc. No. 20] is denied. The motion of defendants Floyd White and Ron Nichols to adopt separate defendant's response to plaintiff's motion for class certification and supplemental motion to compel [Doc. No. 25] is granted.

## I. PROCEDURAL HISTORY

Spencer filed a class action complaint on August 26, 2008 [Doc. No. 1] alleging that his right to an initial appearance before a judge following his arrest was violated. Spencer was arrested by Dermott, Arkansas police on October 30, 2006. Following his arrest, and per an agreement between Chicot County and the Arkansas Department of Corrections (ADC), Spencer was transferred to the Delta Regional Unit. Spencer asserts that he was not allowed

an initial appearance before a judge until December 11, 2006. He brings his claim under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act of 1993 (ACRA). On February 24, 2009, Spencer moved to certify a class.

## II. THE LAW

"In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). "A district court has broad discretion in determining whether to certify a class . . ." *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983).

Federal Rule of Civil Procedure 23 sets forth the requirements that must be met to obtain class certification. When conducting a Rule 23 analysis, a court must first determine whether the plaintiff has met the implicit requirement of a definable class. Multiple courts have examined the issue of the sufficiency of class definition before addressing the Rule 23 requirements. *See Walls v. Sagamore Ins. Co.*, No. 07-1020, 2009 WL 890528, at *4 (W.D. Ark. Mar. 31, 2009); *Riedel v. XTO Energy, Inc.*, 257 F.R.D. 494, 505 (E.D. Ark. 2009); *Nelson v. Wal-Mart Stores, Inc.*, 245 F.R.D. 358, 366 (E.D. Ark. 2007).

After meeting this implicit requirement, the plaintiff must prove that: (1) the class is so numerous that joinder of all members is impracticable ("Numerosity"); (2) there are questions of law or fact common to the class ("Commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("Typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class

("Adequate Representation"). Fed. R. Civ. P. 23(a). In addition to meeting these requirements, the proposed class must fall into one of three categories set out under Rule 23(b).

## III.  DISCUSSION

Spencer's motion for class certification is denied for two reasons. First, Spencer fails to present a definable class. Second, Spencer fails to meet the numerosity requirement. Without these two requirements met, it is impossible for Spencer to meet the requirements of commonality, typicality, adequate representation, or the elements of 23(b). Therefore, this discussion is limited to addressing only the issues of a definable class and numerosity.

A.   Definable Class

Spencer has not presented a definable class. Throughout his pleadings, Spencer gives multiple descriptions of the class. In the complaint, Spencer states that he brings the action

> [O]n behalf of all arrestees incarcerated at Mr. Cashion's facility, who have been denied their right to a prompt appearance in Court within 72 hours of arrest, within 5 years of the filing of this complaint under the ACRA and three years under 42 U.S.C. 1983.

Doc. No. 1 at ¶ 10. In the first paragraph of the motion to certify class Spencer states that

> Plaintiff moves for an Order certifying the Class described as all arrestees incarcerated by Mr. Cashion's facility under a contract with contract entities, who have been denied their right to a prompt appearance in Court within 72 hours of arrest, within the five years preceding the filing of this lawsuit.

Doc. No. 20 at ¶ 1. Only two paragraphs later in the motion to certify class, Spencer states that

> Plaintiff now requests that this Court certify this proceeding as a class action pursuant to FRCP R. 23, on behalf of all arrestees incarcerated at the order of the Pulaski [sic] County Sheriff, who have been denied their right to a prompt appearance in Court within 72 hours of arrest, within five years preceding the filing of this Complaint.

Doc. No. 20 at ¶ 3. While the difference between each description may hang on the inclusion or exclusion of a few words, the effect of this change is great.

The description used in the complaint would create a class composed of every arrestee detained at the Delta Regional Unit who has been denied their right to a prompt appearance. The description in ¶ 1 of the motion would create a class limited to those arrestees detained at the Delta Regional Unit by way of a contract between the ADC and a municipal entity who have been denied their right to a prompt appearance. The third description, as put forth in ¶ 3 of the motion, would create a class composed of all arrestees detained by order of the Chicot County Sheriff, whether housed at a state or county facility, who have been denied their right to a prompt appearance.

It is most likely that the definition intended to be used for class certification purposes is the one set forth in the first paragraph of the motion to certify class. This, however, is not a certainty and the multiple class descriptions are confusing. Moreover, even if the class definition set forth in ¶ 1 of the motion to certify class is adopted, the motion would be denied for failure to meet the numerosity requirement.

B.   <u>Numerosity</u>

Spencer has not met the requirement of numerosity. "The numerosity requirement

requires an inquiry into whether the class is so numerous that joinder of all members is impracticable. Although . . . no arbitrary rules regarding the necessary size of classes have been established, the plaintiff bears the burden of establishing that numerosity does exist." *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983).

> While the plaintiff has the burden of showing that joinder is impracticable, a good-faith estimate should be sufficient when the number of class members is not readily ascertainable. Courts have denied class motions for lack of numerosity when the plaintiff has failed to provide facts or demonstrate circumstances that would provide support for a reasonable estimate of class size.

*Riedel*, 257 F.R.D. at 506-507 (quoting Newberg on Class Actions, § 3:5 (4th ed.)).

In *Miller v. Spring Valley Props.*, 202 F.R.D. 244, 247 (C.D. Ill. 2001), a case cited by Spencer, the court stated that "[A]lthough the one who asserts the class must show some evidence or reasonable estimate of the number of class members, if a plaintiff cannot provide precise numbers, a good faith estimate is sufficient to satisfy the numerosity requirement where it is difficult to assess the exact class membership." *Id.* (quoting *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 329 (N.D. Ill. 1995).

In the cases allowing the numerosity requirement to be met with a good faith estimate, evidence supporting the estimate was presented. In *Riedel*, a case brought by royalty interest owners against an oil and gas lessee, the court found that the numerosity requirement was met. 257 F.R.D. at 508. Although no specific number of class members was given, the plaintiffs presented an estimate based on the existence of other proceeds leases that contained the same language as their own lease. *Id.* at 507. The leases were attached to the motion as

exhibits. *Id.*

The plaintiffs in *Miller* presented multiple pieces of evidence on which their estimate was based. These included the number of housing units managed by the defendant, the defendant's vacancy lists, appointment books, and invoices for credit checks, as well as census information. *Miller*, 202 F.R.D. at 247-248. Based on this evidence, the court found that the plaintiffs "made a good faith estimate of potential members of the proposed class . . ." *Id.* at 248.

In his motion to certify class, Spencer relies heavily on language like that quoted above that allows for good faith estimates of the number of class members. "In this case, Plaintiffs' un-contradicted assertion is that the proposed Class numbers in the hundreds, involving over 38,000 days." Doc. No. 21 at p.5. Spencer is correct that a specific number is not necessary, and that a good faith estimate will suffice. The basis for the "good faith estimate" of potential class members given by Spencer, however, is not clear from the record and has not been demonstrated by the submission of evidence. Spencer presents no evidence of the existence of other class members. This is despite the fact that Spencer has been provided with Delta Regional Unit's jail log dating back five years prior to the filing of the complaint. Doc. No. 24 at p.2. Spencer fails to meet the numerosity requirement.

Spencer's failure to provide a sufficient class definition and meet the requirement of numerosity prevents him from meeting the requirements of commonality, typicality, and adequate representation, and from fitting into any of the categories listed in 23(b). In order

to analyze commonality, typicality, and adequate representation, there must be individuals against whom to compare the plaintiff's claims.  As demonstrated above, that is lacking in this case.  There is no evidence of any other individual having claims matching that of the plaintiff.  Further, because there are no other individuals, there is no one to fit into the categories of 23(b).

## IV.  CONCLUSION

Spencer fails to present a definable class and fails to meet the numerosity requirement. Spencer's motion for class certification [Doc. No. 20] is therefore denied.  Additionally, Spencer has not made the basis of his supplemental motion to compel clear.  The supplemental motion to compel [Doc. No. 20] is also denied.

IT IS SO ORDERED this 30th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE