UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAMEON SPENCER                                                                           PLAINTIFF

v.                                     CASE NO. 5:08cv00235 BSM

FLOYD WHITE, Individually and in His
Official Capacity as Sheriff of Chicot County,
Arkansas; and RON NICHOLS, Individually and in
His Official Capacity as Sheriff of Chicot County, Arkansas        DEFENDANTS

## ORDER

This case, which was filed by plaintiff Dameon Spencer ("Spencer") against defendants Floyd White ("White"), individually and in his official capacity as sheriff of Chicot County, Arkansas and Ron Nichols ("Nichols"), individually and in his official capacity as sheriff of Chicot County, Arkansas was tried to the bench on January 4, 2010. At trial Spencer moved to dismiss his claim against Nichols in his individual capacity. The motion was unopposed and was granted. The trial testimony and exhibits do not provide sufficient evidence to support Spencer's claims against Nichols in his official capacity, or against White in his official and individual capacities. Therefore, judgment is granted for White and Nichols.

## I. FINDINGS OF FACT

The City of Dermott is in Chicot County, Arkansas. Chicot County has an agreement with the Arkansas Department of Corrections ("ADC") to house its detainees at the ADC's Delta Regional Unit. This agreement provides that, for a negotiated fee, Chicot County can use 16 of the beds at the Delta Regional Unit. The Chicot County Sheriff is responsible for

contacting the ADC and arranging the detention of all detainees arrested in Chicot County who will be housed at the Delta Regional Unit.

Spencer was arrested pursuant to an arrest warrant by the Dermott Police Department on October 30, 2006. The Dermott police contacted the Chicot County Sheriff's Office ("sheriff's office") requesting permission to use one of the beds assigned to Chicot County at the Delta Regional Unit. The sheriff's office then notified the Delta Regional Unit that Dermott police would be booking an arrestee for a bed reserved for Chicot County. A Dermott police officer then transported Spencer to the Delta Regional Unit. An ADC employee booked Spencer into the Delta Regional Unit on October 30, 2006. Other than requesting bed space for the City of Dermott, the sheriff's office played no role in Spencer's apprehension or detention.

Each arresting police agency in Chicot County is responsible for transporting its detainees to their initial appearance before a judge. Consequently, the Dermott Police Department was responsible for assuring that Spencer was timely brought before a judge for his initial appearance. The sheriff's office would have been responsible for bringing Spencer before a judge for his first appearance only if it had arrested and detained him.

White was the Chicot County Sheriff during the time that Spencer was detained and Nichols was elected sheriff when White retired. The sheriff's office was not alerted to any problems with Spencer's detention until White was contact by Spencer's mother on Friday, December 8, 2006. Upon receiving the telephone call from Spencer's mother, White immediately called the prosecuting attorney to get more information about Spencer's case.

He then determined that Monday, December 11, 2006 was the next date in which Spencer could be taken before the judge. Spencer was taken before the judge on December 11, 2006 and his bond was set at $20,000. Spencer was taken back to the Delta Regional Unit because he was unable to make bond.

## II. CONCLUSIONS OF LAW

White and Nichols prevail because the evidence does not support Spencer's claims against them. Arkansas Rule of Criminal Procedure 8.1 provides that "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." Although Arkansas courts have refused to define unnecessary delay as a specific number of days, they have found that 31 days and 56 days constitute unnecessary delay. *See Cook v. State*, 274 Ark. 244, 623 S.W.2d 820 (Ark. 1981); *Richardson v. State*, 283 Ark. 82, 671 S.W.2d 164 (Ark. 1984). Furthermore, under Arkansas law, this right exists whether the arrestee is awaiting a probable cause hearing, or an initial appearance following charges. *Hayes v. Faulkner County*, 285 F.Supp. 2d 1132, 1137 (E.D. Ark. 2003).

Spencer maintains that his right under Arkansas law is constitutionally protected and therefore his 42 U.S.C. § 1983 claim is proper under the Fifth, Sixth, Eighth, and Fourteenth amendments. Spencer is correct that the right to be brought before a judge in a timely manner pursuant to Ark. R. Crim. P. 8.1 is a clearly established constitutional right. Indeed, the Arkansas Supreme Court has held that "Rule 8.1 is designed and has as its purpose to afford an arrestee protection against unfounded invasion of liberty and privacy." *Bolden v.*

*State*, 262 Ark. 718, 724, 561 S.W.2d 281, 284 (Ark. 1978). Moreover, this district has held that providing an initial appearance without unnecessary delay, pursuant to Ark. R. Crim P. 8.1 "may avoid the loss of the suspect's job and eliminate the prospect of the loss of income and the disruption and impairment of his family relationship. Indeed, these are basic and fundamental rights which our state and federal constitutions secure to every arrestee." *Hayes*, 285 F.Supp. 2d at 1137 (quoting *Bolden*, 262 Ark. at 724, 561 S.W.2d at 284).

Notwithstanding all of this, neither White nor Nichols, either individually or officially, violated Spencer's clearly established constitutional rights. This is true because none of the evidence indicates that either White or Nichols was directly involved in Spencer's prolonged detention. *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 806 (8th Cir. 1994) (holding that a plaintiff cannot prove a constitutional deprivation against a government official unless he proves that the official was directly involved in the deprivation). Indeed, nothing indicates that anyone in the sheriff's office, including White and Nichols, was aware of Spencer's prolonged detention. Moreover, once White was alerted to Spencer's detention, he immediately took action to assure that Spencer was taken before the judge. This was the case even though the Dermott Police Department was responsible for doing so.

### III. CONCLUSION

For all of the reasons set forth above, Spencer's claims against defendant White in his individual and official capacities are dismissed with prejudice, and Spencer's claims against Nichols in his official capacity are dismissed with prejudice.

IT IS SO ORDERED this 17th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE